T.C. Summary Opinion 2009-45


UNITED STATES TAX COURT


DERROLYN STEELE AND TERRY STEELE, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 29279-07S.                  Filed March 30, 2009.


Derrolyn Steele and Terry Steele, pro sese.

Angela B. Friedman, for respondent.


ARMEN, Special Trial Judge: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1] Pursuant to section 7463(b), the decision to be entered is not reviewable by any

---

[1] Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for 2005, the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 2005 of $4,769. After concessions, the central issue for decision is whether the $16,974 received by petitioners from the State of Illinois to care for their granddaughter is subject to self-employment tax under section 1401. For the reasons discussed below, we hold that it is not.

## Background

At the time the petition was filed, petitioners resided in the State of Illinois.

During the taxable year at issue, petitioners cared for their young granddaughter. Petitioners received $16,974 from the State of Illinois for providing that care. Petitioners do not contend, and there is nothing in the record to suggest, that the payments were qualified foster care payments.[2]

Because the record indicates only that petitioners were caring for their granddaughter under a State-sponsored childcare program, we take judicial notice of the fact that, in addition to its Foster Care Program, the State of Illinois offers a Child

---

[2] Qualified foster care payments are excludable from gross income pursuant to sec. 131(a). See also sec. 7491; Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158, 1165 (1946), affd. 162 F.2d 513 (10th Cir. 1947).

Care Assistance Program (CCAP) to low-income, working families to provide them access to affordable childcare so they might continue working or participating in eligible education programs. See http://www.dhs.state.il.us/page.aspx?item=30355; see also Fed. R. Evid. 201. According to the mechanics of the program, the State of Illinois makes payments directly to a childcare provider chosen by the parents or legal guardian of the child. The childcare provider receives a Form 1099-MISC, Miscellaneous Income, from the State of Illinois at the end of the year reflecting the CCAP payments.

Both petitioners received Forms 1099 from the State of Illinois for payments made during the year at issue, and the income reflected therein is includable in petitioners' gross income. See sec. 61. As petitioners have conceded that they received $16,974 in income from the State of Illinois in 2005 for the care of their granddaughter, the only issue that remains is whether that income is also subject to self-employment tax pursuant to section 1401.

### Discussion[3]

Section 1401 imposes a tax on the self-employment income of individuals. Section 1402(a) provides that the income subject to the self-employment tax is derived from a taxpayer's

---

[3] We decide the disputed issue without regard to the burden of proof.

participation in a "trade or business" carried on by the taxpayer. Section 1402(c) explains that the term "trade or business" in the self-employment context has the same meaning as when used to apply the expense provisions of section 162. See Bot v. Commissioner, 118 T.C. 138, 146 (2002), affd. 353 F.3d 595 (8th Cir. 2003); see also sec. 1.1402(c)-1, Income Tax Regs.

"Trade or business" under section 162 has been interpreted to mean an activity conducted "with continuity and regularity" and with the primary purpose of making income or a profit.[4] Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987); Bot v. Commissioner, supra at 146. Whether a taxpayer is engaged in a trade or business is a question of fact. Higgins v. Commissioner, 312 U.S. 212, 217 (1941).

There is no question that petitioners regularly provided care for their granddaughter and that they were compensated for doing so. But they were not carrying on a "trade or business". As Groetzinger explains, "not every income-producing and profit-making endeavor constitutes a trade or business." 480 U.S. at 35. The "primary purpose for engaging in the activity must be for income or profit." Id.

---

[4] The carrying on of a trade or business for purposes of self-employment tax generally does not include the performance of services as an employee. Sec. 1402(c)(2); Robinson v. Commissioner, 117 T.C. 308, 320 (2001).

Petitioners were providing care for their granddaughter because their daughter was unable to do so; there has been no allegation that they were running a daycare center and their granddaughter was one of the children being cared for. The money they received from caring for their granddaughter was not their main source of income,[5] nor did petitioners seek to deduct expenses against the money they received from the State of Illinois. Although the record is sparse, it is clear that petitioners' primary purpose in caring for their granddaughter was not profit such that they were engaged in a "trade or business". Accordingly, petitioners are subject to income tax on the amounts received from the State of Illinois, yet those amounts are not subject to self-employment tax under section 1401.

Accordingly and to reflect the foregoing,

<u>Decision will be entered</u>
<u>under Rule 155</u>.

---

[5] Petitioners reported $78,557 in wages on line 7 of their 2005 Form 1040, U.S. Individual Income Tax Return.